FILED
VANESSA L. ARMSTRONG

NOV 10 2016

U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA

v.

**MOHAMMED AL ASAI**
**KAREEM TAQI**

INDICTMENT

NO. 3:16-CR-149-JHM

7 U.S.C. § 2024(b)
7 U.S.C. § 2024(f)
18 U.S.C. § 981(a)(1)(C)
18 U.S.C. § 982(b)(1)
18 U.S.C. § 1343
21 U.S.C. § 853(p)
28 U.S.C. § 2461
28 U.S.C. § 2461(c)

The Grand Jury charges:

## COUNT 1
(Food Stamp Fraud)

1. In or around and between January 2013 and August 2016, in the Western District of Kentucky, Jefferson County, Kentucky, and elsewhere, the defendants, **MOHAMMED AL ASAI** and **KAREEM TAQI**, did knowingly use, transfer, acquire, or possess the value of more than $100 of benefits under the Supplemental Nutrition Assistance Program, in a manner not authorized by Chapter 51, Title 7, United States Code, and the regulations issued thereunder, in that they knowingly and unlawfully exchanged Supplemental Nutrition Assistance Program benefits for cash with individuals in possession of Electronic Benefits Transfer cards, issued through the Supplemental Nutrition Assistance Program.

In violation of Title 7, United States Code, Section 2024(b).

The Grand Jury further charges:

## COUNTS 2-3
(Wire Fraud)

2. In or around and between January 2013 and August 2016, in the Western District of Kentucky, Jefferson County, Kentucky, and elsewhere, the defendants **MOHAMMED AL ASAI** and **KAREEM TAQI** devised and intended to devise a scheme to defraud the Supplemental Nutrition Assistance Program, which is administered by the United States Department of Agriculture, by means of materially false and fraudulent pretenses, representations, and promises, knowing that such pretenses, representations, and promises were false when made, and for the purpose of executing said scheme, did knowingly transmit, and cause to be transmitted by means of wire, radio, and television communications in interstate commerce, writings, signs, signals, pictures, and sounds.

3. From at least October 2012, until in or around August 2016, **MOHAMMED AL ASAI** owned and operated Al Yasmine Food Mart, located at 6700 Strawberry Lane in Louisville, Kentucky. In or around October 2012, **MOHAMMED AL ASAI** submitted an application on behalf of Al Yasmine Food Mart to participate in the Supplemental Nutrition Assistance Program. The application included information about program restrictions, including the restrictions on trading cash for Supplemental Nutrition Assistance Program benefits, and on accepting Supplemental Nutrition Assistance Program benefits from people not authorized to use them. **MOHAMMED AL ASAI** affirmed he would take responsibility for any Supplemental Nutrition Assistance Program violations at Al Yasmine Food Mart, including trading cash for Supplemental Nutrition Assistance Program benefits, and accepting Supplemental Nutrition Assistance Program benefits from people not authorized to use them.

4. From in or around April 2010, **KAREEM TAQI** personally received Supplemental Nutrition Assistance Program benefits. In the course of applying for these benefits, he had been informed of the rules of the Supplemental Nutrition Assistance Program, including the prohibition on trading cash for benefits.

5. From in or around January 2013, through in or around August 2016, in furtherance of the scheme and artifice to defraud, **MOHAMMED AL ASAI** and **KAREEM TAQI** provided cash in exchange for Supplemental Nutrition Assistance Program benefits. Specifically, individuals receiving Supplemental Nutrition Assistance Program benefits would go to Al Yasmine Food Mart, provide **MOHAMMED AL ASAI** and **KAREEM TAQI** with their Electronic Benefits Transfer cards, and request cash. **KAREEM TAQI** would take the Electronic Benefits Transfer cards to various stores, make purchases for his own use, and charge them to the Electronic Benefits Transfer card. **KAREEM TAQI** would then return the Electronic Benefits Transfer card to the cardholder and provide the cardholder with cash in an amount that was less than **KAREEM TAQI** had charged to the card. **MOHAMMED AL ASAI** would take the Electronic Benefits Transfer card and charge additional funds, then give cash in an amount less than what was charged to the cardholder.

6. On or about the following dates, in the Western District of Kentucky and elsewhere, for the purpose of executing and attempting to execute the above-described scheme and artifice to defraud, **MOHAMMED AL ASAI** and **KAREEM TAQI** did knowingly transmit and cause to

be transmitted, by means of wire in interstate commerce, writings, signs, signals, pictures, or sounds, as described in the chart below:

| COUNT NO. | DATE | DESCRIPTION OF WIRE |
|---|---|---|
| 2 | On or about January 28, 2016 | **MOHAMMED AL ASAI** and **KAREEM TAQI** knowingly charged $187.06 to a Supplemental Nutrition Assistance Program benefits card, bearing number xxxxxxxxxxxx0141, which caused a wire communication from Louisville, Kentucky, to outside Kentucky |
| 3 | On or about May 13, 2016 | **MOHAMMED AL ASAI** knowingly charged $85.65 to a Supplemental Nutrition Assistance Program benefits card, xxxxxxxxxxxx0141, which caused a wire communication from Louisville, Kentucky, to outside Kentucky |

In violation of Title 18, United States Code, Section 1343.

## NOTICE OF FORFEITURE

7. The allegations contained in Counts 1 through 3 of this Indictment are hereby realleged and incorporated, by reference, for the purpose of forfeiture, pursuant to Title 18, United States Code, Section 981(a)(1)(C); Title 7, United States Code Section 2024(f); and Title 28, United States Code, Section 2461. Upon conviction of the offenses set forth in this Indictment, the defendants shall forfeit to the United States, any property, real or personal, which constitutes or is derived from proceeds obtained, directly or indirectly.

8. If any of the property described above, as a result of any act or omission of the defendants, cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty, the United States of America shall be entitled to forfeiture of substitute

property, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1), and Title 28, United States Code, Section 2461(c).

TRUE BILL.

*[signature]*

JOHN E. KUHN, JR.
UNITED STATES ATTORNEY

JEK:AEG

UNITED STATES OF AMERICA v. **MOHAMMED AL ASAI** and **KAREEM TAQI**

## PENALTIES

Count 1:   NM 5 yrs./$10,000/both/NM 3 yrs. Supervised Release
Counts 2-3:   NM 20 yrs./$250,000/both/NM 3 yrs. Supervised Release (each count)
Forfeiture

## NOTICE

### ANY PERSON CONVICTED OF AN OFFENSE AGAINST THE UNITED STATES SHALL BE SUBJECT TO SPECIAL ASSESSMENTS, FINES, RESTITUTION & COSTS.

SPECIAL ASSESSMENTS

18 U.S.C. § 3013 requires that a special assessment shall be imposed for each count of a conviction of offenses committed after November 11, 1984, as follows:

| | | | |
|---|---|---|---|
| Misdemeanor: | $ 25 per count/individual | Felony: | $100 per count/individual |
| | $125 per count/other | | $400 per count/other |

FINES

In addition to any of the above assessments, you may also be sentenced to pay a fine. Such fine is due <u>immediately</u> unless the court issues an order requiring payment by a date certain or sets out an installment schedule. You shall provide the United States Attorney's Office with a current mailing address for the entire period that any part of the fine remains unpaid, or you may be held in contempt of court. 18 U.S.C. § 3571, 3572, 3611, 3612

**Failure to pay fine as ordered may subject you to the following:**

1. **INTEREST** and **PENALTIES** as applicable by law according to last date of offense.

   For offenses occurring after December 12, 1987:

   No **INTEREST** will accrue on fines under $2,500.00.

   **INTEREST** will accrue according to the Federal Civil Post-Judgment Interest Rate in effect at the time of sentencing. This rate changes monthly. Interest accrues from the first business day following the two week period after the date a fine is imposed.

   **PENALTIES** of:

   10% of fine balance if payment more than 30 days late.

   15% of fine balance if payment more than 90 days late.

2. Recordation of a **LIEN** shall have the same force and effect as a tax lien.

3. Continuous **GARNISHMENT** may apply until your fine is paid.

18 U.S.C. §§ 3612, 3613

   If you **WILLFULLY** refuse to pay your fine, you shall be subject to an **ADDITIONAL FINE** of not more than the greater of $10,000 or twice the unpaid balance of the fine; or **IMPRISONMENT** for not more than 1 year or both. 18 U.S.C. § 3615

## RESTITUTION

If you are convicted of an offense under Title 18, U.S.C., or under certain air piracy offenses, you may also be ordered to make restitution to any victim of the offense, in addition to, or in lieu of any other penalty authorized by law. 18 U.S.C. § 3663

## APPEAL

If you appeal your conviction and the sentence to pay your fine is stayed pending appeal, the court shall require:

1. That you deposit the entire fine amount (or the amount due under an installment schedule during the time of your appeal) in an escrow account with the U.S. District Court Clerk, or

2. Give bond for payment thereof.

18 U.S.C. § 3572(g)

## PAYMENTS

If you are ordered to make payments to the U.S. District Court Clerk's Office, certified checks or money orders should be made **payable to the Clerk, U.S. District Court** and delivered to the appropriate division office listed below:

|  |  |
|---|---|
| LOUISVILLE: | Clerk, U.S. District Court<br>106 Gene Snyder U.S. Courthouse<br>601 West Broadway<br>Louisville, KY 40202<br>502/625-3500 |
| BOWLING GREEN: | Clerk, U.S. District Court<br>120 Federal Building<br>241 East Main Street<br>Bowling Green, KY 42101<br>270/393-2500 |
| OWENSBORO: | Clerk, U.S. District Court<br>126 Federal Building<br>423 Frederica<br>Owensboro, KY 42301<br>270/689-4400 |
| PADUCAH: | Clerk, U.S. District Court<br>127 Federal Building<br>501 Broadway<br>Paducah, KY 42001<br>270/415-6400 |

If the court finds that you have the present ability to pay, an order may direct imprisonment until payment is made.

FORM DBD-34
JUN.85

No.

# UNITED STATES DISTRICT COURT
Western District of Kentucky
Louisville Division

THE UNITED STATES OF AMERICA

vs.

MOHAMMED AL ASAI

KAREEM TAQI

## INDICTMENT

**Title 7 U.S.C. § 2024(b);
Title 18 U.S.C. § 1343:
Food Stamp Fraud; Wire Fraud.**

*A true bill.*

*)erson*

*Filed in open court this 16th day of November, 2016.*

*Clerk*

*Bail, $*

FILED
VANESSA L. ARMSTRONG

NOV 10 2016

U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY