UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE



FILED
VANESSA L. ARMSTRONG, CLERK
MAY 24 2018
U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

UNITED STATES OF AMERICA

v.

**MOHAMMED AL ASAI**

SUPERSEDING INDICTMENT

NO.   3:16-CR-149-~~JHM~~ — RGJ
7 U.S.C. § 2024(b)
7 U.S.C. § 2024(f)
18 U.S.C. § 981(a)(1)(C)
18 U.S.C. § 982(b)(1)
18 U.S.C. § 1343
21 U.S.C. § 853(p)
28 U.S.C. § 2461
28 U.S.C. § 2461(c)

The Grand Jury charges:

### COUNT 1
*(Food Stamp Fraud)*

1.   In or around and between January 2013 and August 2016, in the Western District of Kentucky, Jefferson County, Kentucky, and elsewhere, the defendant, **MOHAMMED AL ASAI**, did knowingly use, transfer, acquire, or possess the value of more than $100 of benefits under the Supplemental Nutrition Assistance Program, in a manner not authorized by Chapter 51, Title 7, United States Code, and the regulations issued thereunder, in that he knowingly and unlawfully exchanged Supplemental Nutrition Assistance Program benefits for cash and other non-food items of value with individuals in possession of Electronic Benefits Transfer cards issued through the Supplemental Nutrition Assistance Program.

In violation of Title 7, United States Code, Section 2024(b).

The Grand Jury further charges:

## COUNTS 2-3
*(Wire Fraud)*

2. In or around and between January 2013 and August 2016, in the Western District of Kentucky, Jefferson County, Kentucky, and elsewhere, defendant **MOHAMMED AL ASAI** devised and intended to devise a scheme to defraud the Supplemental Nutrition Assistance Program, which is administered by the United States Department of Agriculture, by means of materially false and fraudulent pretenses, representations, and promises, knowing that such pretenses, representations, and promises were false when made, and for the purpose of executing said scheme, did knowingly transmit and cause to be transmitted by means of wire, radio, and television communications in interstate commerce, writings, signs, signals, pictures, and sounds.

3. From at least October 2012 until in or around August 2016, **MOHAMMED AL ASAI** owned and operated Al Yasmine Food Mart, located at 6700 Strawberry Lane in Louisville, Kentucky. In or around October 2012, **MOHAMMED AL ASAI** submitted an application on behalf of Al Yasmine Food Mart to participate in the Supplemental Nutrition Assistance Program. The application included information about program restrictions, including the restrictions on trading cash for Supplemental Nutrition Assistance Program benefits and on accepting Supplemental Nutrition Assistance Program benefits from people not authorized to use them. **MOHAMMED AL ASAI** affirmed he would take responsibility for any Supplemental Nutrition Assistance Program violations at Al Yasmine Food Mart, including trading cash for Supplemental Nutrition Assistance Program benefits, accepting Supplemental Nutrition Assistance Program benefits as payment for ineligible items, and accepting Supplemental Nutrition Assistance Program benefits from people not authorized to use them.

4. From in or around January 2013, through in or around August 2016, in furtherance of the scheme and artifice to defraud, **MOHAMMED AL ASAI** provided cash and other ineligible non-food items of value in exchange for Supplemental Nutrition Assistance Program benefits. Specifically, individuals receiving Supplemental Nutrition Assistance Program benefits would go to Al Yasmine Food Mart, provide **MOHAMMED AL ASAI** with their Electronic Benefits Transfer cards, and request cash. **MOHAMMED AL ASAI** would take the Electronic Benefits Transfer cards to various stores, make purchases for Al Yasmine Food Mart, and charge them to the Electronic Benefits Transfer cards. **MOHAMMED AL ASAI** would then give the cardholder cash in an amount less than he had charged to the card. On other occasions, **MOHAMMED AL ASAI** or individuals working for **MOHAMMED AL ASAI** at Al Yasmine Food Mart would charge an Electronic Benefits Transfer card at Al Yasmine Food Mart, then provide the cardholder with cash in an amount that was less than **MOHAMMED AL ASAI** had charged to the card. In lieu of cash, **MOHAMMED AL ASAI** might provide the cardholder with other ineligible non-food items of value. For example, **MOHAMMED AL ASAI** allowed cardholders to purchase ineligible non-food items from him personally and from Al Yasmine Food Mart with Electronic Benefits Transfer cards. On some occasions, he also charged Electronic Benefits Transfer cards at Al Yasmine Food Mart, then later made a payment on the cardholders' utilities bills.

5. On or about the following dates, in the Western District of Kentucky and elsewhere, for the purpose of executing and attempting to execute the above-described scheme and artifice to defraud, **MOHAMMED AL ASAI** did knowingly transmit and cause to be transmitted, by means

of wire in interstate commerce, writings, signs, signals, pictures, or sounds, as described in the chart below:

| COUNT NO. | DATE | DESCRIPTION OF WIRE |
|---|---|---|
| 2 | On or about January 28, 2016 | **MOHAMMED AL ASAI** knowingly charged $187.06 to a Supplemental Nutrition Assistance Program benefits card, bearing number xxxxxxxxxxxx0141, which caused a wire communication from Louisville, Kentucky, to outside Kentucky |
| 3 | On or about May 13, 2016 | **MOHAMMED AL ASAI** knowingly charged $85.65 to a Supplemental Nutrition Assistance Program benefits card, xxxxxxxxxxxx0141, which caused a wire communication from Louisville, Kentucky, to outside Kentucky |

In violation of Title 18, United States Code, Section 1343.

## NOTICE OF FORFEITURE

6. The allegations contained in Counts 1 through 3 of this Indictment are hereby realleged and incorporated by reference for the purpose of forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C); Title 7, United States Code Section 2024(f); and Title 28, United States Code, Section 2461. Upon conviction of the offenses set forth in this Indictment, the defendant shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds obtained, directly or indirectly.

7. The property subject to forfeiture in this Indictment includes, but is not limited to, the following:

    a. $1,390.00 in seized currency.

8. If any of the property described above, as a result of any act or omission of the defendant, cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the court; has been

substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty, the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1), and Title 28, United States Code, Section 2461(c).

                                            A TRUE BILL.



                                            FOREPERSON

_____
RUSSELL M. COLEMAN
UNITED STATES ATTORNEY

RMC:AEG/JRCM

UNITED STATES OF AMERICA v. **MOHAMMED AL ASAI**

## PENALTIES

Count 1: NM 5 yrs./$10,000/both/NM 3yrs. Supervised Release
Counts 2-3 (each count): NM 20 yrs./$250,000/both/NM 3 yrs. Supervised Release

## NOTICE

### ANY PERSON CONVICTED OF AN OFFENSE AGAINST THE UNITED STATES SHALL BE SUBJECT TO SPECIAL ASSESSMENTS, FINES, RESTITUTION & COSTS.

SPECIAL ASSESSMENTS

18 U.S.C. § 3013 requires that a special assessment shall be imposed for each count of a conviction of offenses committed after November 11, 1984, as follows:

| | | | |
|---|---|---|---|
| Misdemeanor: | $ 25 per count/individual | Felony: | $100 per count/individual |
| | $125 per count/other | | $400 per count/other |

FINES

In addition to any of the above assessments, you may also be sentenced to pay a fine. Such fine is due immediately unless the court issues an order requiring payment by a date certain or sets out an installment schedule. You shall provide the United States Attorney's Office with a current mailing address for the entire period that any part of the fine remains unpaid, or you may be held in contempt of court. 18 U.S.C. § 3571, 3572, 3611, 3612

**Failure to pay fine as ordered may subject you to the following**:

1. **INTEREST** and **PENALTIES** as applicable by law according to last date of offense.

   For offenses occurring after December 12, 1987:

   No **INTEREST** will accrue on fines under $2,500.00.

   **INTEREST** will accrue according to the Federal Civil Post-Judgment Interest Rate in effect at the time of sentencing. This rate changes monthly. Interest accrues from the first business day following the two week period after the date a fine is imposed.

   **PENALTIES** of:

   10% of fine balance if payment more than 30 days late.

   15% of fine balance if payment more than 90 days late.

2. Recordation of a **LIEN** shall have the same force and effect as a tax lien.

3. Continuous **GARNISHMENT** may apply until your fine is paid.

18 U.S.C. §§ 3612, 3613

   If you **WILLFULLY** refuse to pay your fine, you shall be subject to an **ADDITIONAL FINE** of not more than the greater of $10,000 or twice the unpaid balance of the fine; or **IMPRISONMENT** for not more than 1 year or both. 18 U.S.C. § 3615

RESTITUTION

If you are convicted of an offense under Title 18, U.S.C., or under certain air piracy offenses, you may also be ordered to make restitution to any victim of the offense, in addition to, or in lieu of any other penalty authorized by law. 18 U.S.C. § 3663

APPEAL

If you appeal your conviction and the sentence to pay your fine is stayed pending appeal, the court shall require:

1. That you deposit the entire fine amount (or the amount due under an installment schedule during the time of your appeal) in an escrow account with the U.S. District Court Clerk, or

2. Give bond for payment thereof.

18 U.S.C. § 3572(g)

PAYMENTS

If you are ordered to make payments to the U.S. District Court Clerk's Office, certified checks or money orders should be made payable to the Clerk, U.S. District Court and delivered to the appropriate division office listed below:

LOUISVILLE:  Clerk, U.S. District Court
106 Gene Snyder U.S. Courthouse
601 West Broadway
Louisville, KY 40202
502/625-3500

BOWLING GREEN:  Clerk, U.S. District Court
120 Federal Building
241 East Main Street
Bowling Green, KY 42101
270/393-2500

OWENSBORO:  Clerk, U.S. District Court
126 Federal Building
423 Frederica
Owensboro, KY 42301
270/689-4400

PADUCAH:  Clerk, U.S. District Court
127 Federal Building
501 Broadway
Paducah, KY 42001
270/415-6400

If the court finds that you have the present ability to pay, an order may direct imprisonment until payment is made.

FORM DBD-34
JUN.85

No. 3:16-CR-149-JHM

# UNITED STATES DISTRICT COURT
Western District of Kentucky
Louisville

THE UNITED STATES OF AMERICA
vs.

MOHAMMED AL ASAI

## SUPERSEDING INDICTMENT

Count 1:
Food Stamp Fraud:
7 U.S.C. §2024(b)

Counts 2, 3:
Wire Fraud:
18 U.S.C. §1343

Forfeiture

*A true bill.*

*Foreperson*

*Filed in open court this 24th day of May, 2018.*

**FILED**
VANESSA L. ARMSTRONG, CLEF

MAY 24 2018

*Clerk*

Bail, $

U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY