**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

**UNITED STATES OF AMERICA**                                                          **PLAINTIFF**

v.                              CRIMINAL ACTION NO.: 3:16-cr-00149-RGJ

*ELECTRONICALLY FILED*

**DEFENDANT MOHAMMED AL ASAI'S PRETRIAL MEMORANDUM**

**MOHAMMED AL ASAI**                                                                   **DEFENDANT**

\* \* \* \* \* \* \* \* \* \* \*

Comes the Defendant, MOHAMMED AL ASAI by counsel, WILLIAM M. BUTLER, JR., pursuant to the Court's Order of June 28, 2018 submits his Pretrial Memorandum.

(a) The statutes involved and elements of the offenses are: 7 USC §2024(b) and 18 USC §1343.  The elements of the first are: acquisition of more than $100.00 of benefits in a manner that the Defendant knew was contrary to law.  The elements of the second are: that the Defendant knowingly devised a scheme to defraud in order to obtain money; that the Defendant made a material misrepresentation or concealed a material fact; that the Defendant intended to defraud and that he used a wire communication interstate commerce to further his scheme.

(b) The undisputed and disputed facts are: Defendant does not dispute that he owns al Yasmine Food Mart.  The Defendant does not dispute that he participated in the SNAP Program during the period stated in the Indictment, but does dispute all other facts alleged by the United States.

(c) Substantive Issue of Law: No unresolved issues of law known.

(d) Evidentiary issues: The Government has not given any notice of expert witnesses in this case. The Government has tendered to the Defendant computer records that it claims show fraudulent transactions based on algorithms developed by the Department of Agriculture. The Government claims it can establish fraud on the part of Mr. Al Asai by showing SNAP usage at "comparable stores" and thereby extrapolating this data and comparing it with SNAP usage by Mr. Al Asai. Pursuant to Federal Rule of Evidence 702, this information cannot be presented by lay witnesses and cannot be understood by the jury without explanation. Defendant maintains that the reliability and validity of these purported algorithms must be demonstrated pursuant to Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993). Also, many of the incidents reported int these records fall outside the scope of the Indictment and should not be admitted. [Evidence Rules 401-403]

(e) None anticipated.

(f) Defendant proposes Instructions on Unauthorized Acquisition of Food Stamps, Wire Fraud, Good Faith as a Defense and Testimony of an Informant. These are attached as separate documents as part of this Pretrial Memorandum.

(g) Defendant's proposed Voir Dire questions are attached as a separate document to this Response.

(h) Counsel's Exhibit List as follows:

Exhibit 1-Defendant's Awards and Accommodations from his employment as an interpreter for the United States Government and It's Affiliates;

Exhibit 2-Defendant's Identification Badges when he was employed as an interpreter,

Exhibit 3-Defendant's 2013 Schedule C Tax Return, Defendant's 2014 Schedule C Tax Return, Defendant's 2015 Schedule Tax Return and Defendant's 2016 Schedule C Tax Return.

      Respectfully submitted,

      s/ William M. Butler, Jr.
      WILLIAM M. BUTLER, JR.
      500 West Jefferson Street
      Suite 1520
      Louisville, Kentucky 40202
      (502) 582-2020
      wmb@kycriminallawyer.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 16, 2018 I filed the above document through the ECF System, which will send a notice of electronic filing to the Honorable Amanda Gregory, Assistant United States Attorney.

      s/ William M. Butler, Jr.
      WILLIAM M. BUTLER, JR.

## DEFENDANT MOHAMMED AL ASAI'S PROPOSED JURY INSTRUCTIONS

### 10.04 FRAUD - GOOD FAITH DEFENSE

(1) The good faith of the defendant is a complete defense to the charge of Wire Fraud contained in Counts 1, 2 and 3 of the indictment because good faith on the part of the defendant is, simply, inconsistent with an intent to defraud.

(2) A person who acts, or causes another person to act, on a belief or an opinion honestly held is not punishable under this statute merely because the belief or opinion turns out to be inaccurate, incorrect, or wrong. An honest mistake in judgment or an honest error in management does not rise to the level of criminal conduct.

(3) A defendant does not act in good faith if, even though he honestly holds a certain opinion or belief, that defendant also knowingly makes false or fraudulent pretenses, representations, or promises to others.

(4) While the term "good faith" has no precise definition, it encompasses, among other things, a belief or opinion honestly held, an absence of malice or ill will, and an intention to avoid taking unfair advantage of another.

(5) The burden of proving good faith does not rest with the defendant because the defendant does not have any obligation to prove anything in this case. It is the government's burden to prove to you, beyond a reasonable doubt, that the defendant acted with an intent to defraud.

(6) If the evidence in this case leaves you with a reasonable doubt as to whether the defendant acted with an intent to defraud or in good faith, you must acquit the defendant.

### 10.02 WIRE FRAUD (18 U.S.C, § 1343)

(1) Counts 2 and 3 of the indictment charges the defendant with wire fraud. For you to find the defendant guilty of wire fraud, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

**(A)** First, that the defendant devised a scheme to defraud in order to obtain money or property, that is____  *[describe scheme from indictment];*

**(B)** Second, that the scheme included a material misrepresentation or concealment of a material fact;

**(C)** Third, that the defendant had the intent to defraud; and

**(D)** Fourth, that the defendant used wire communications in interstate commerce in furtherance of the scheme.

(2) Now I will give you more detailed instructions on some of these terms.

(A)  A "scheme to defraud" includes any plan or course of action by which someone intends to deprive another of money or property by means of false or fraudulent pretenses, representations, or promises.

(B)  The term "false or fraudulent pretenses, representations or promises" means any false statements or assertions that concern a material aspect of the matter in question, that were either known to be untrue when made or made with reckless indifference to their truth. They include actual, direct false statements as well as half-truths and the knowing concealment of material facts.

(C)  An act is "knowingly" done if done voluntarily and intentionally, and not because of mistake or some other innocent reason.

(D)  A misrepresentation or concealment is "material" if it has a natural tendency to influence or is capable of influencing the decision of a person of ordinary prudence and comprehension.

(E)  To act with "intent to defraud" means to act with an intent to deceive or cheat for the purpose of either causing a financial loss to another or bringing about a financial gain to oneself.

(F)  To "cause" wire, radio or television communications to be used is to do an act with knowledge that the use of the communications will follow in the ordinary course of business or where such use can reasonably be foreseen.

(G)  The term "interstate commerce" includes wire, radio or television communications which crossed a state line.

(3)  [It is not necessary that the government prove [all of the details alleged concerning the precise nature and purpose of the scheme] or [that the material transmitted by wire, radio or television communications was itself false or fraudulent] or [that the alleged scheme actually succeeded in defrauding anyone] or [that the use of the wire, radio or television communications] was intended as the specific or exclusive means of accomplishing the alleged fraud] or [that someone relied on the misrepresentation or false statement] or [that the defendant obtained money or property for his own benefit].]

(4)  If you are convinced that the government has proved all of the elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of the elements, then you must find the defendant not guilty of this charge.

**7 U.S.C. § 2024(b) UNAUTHORIZED ACQUISITION OF FOOD STAMPS -ELEMENTS**

The indictment charges defendant with unauthorized acquisition of SNAP benefits. For you to find the defendant guilty of this charge, the government must prove both of the following elements beyond a reasonable doubt:

   I. The defendant acquired more than $100 worth of SNAP benefits in a way that was contrary to law; and

   2. The defendant knew that his acquisition of the SNAP benefits was contrary to law.

   If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt, then you should find the defendant guilty.

   If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any one of these elements beyond a reasonable doubt then you should find the defendant not guilty.


**7.07 TESTIMONY OF A WITNESS UNDER GRANT OF IMMUNITY OR REDUCED CRIMINAL LIABILITY**

(H)   You have heard the testimony of _____. You have also heard that the government has promised him favorable consideration in exchange for his cooperation.

(2)   It is permissible for the government to make such a promise. But you should consider _____'s testimony with more caution than the testimony of other witnesses. Consider whether his testimony may have been influenced by the government's promise.

(3)   Do not convict the defendant based on the unsupported testimony of such a witness, standing alone, unless you believe his testimony beyond a reasonable doubt.

**DEFENDANT MOHAMMED AL ASAI'S TENDERED VOIR DIRE**

1. Are any of you or were any of you a member of a law enforcement agency, such as the FBI or the Louisville Metropolitan Department of Police?

2. Do any of you have a family member or close friend who either presently or in the past worked for law enforcement?

3. Do any of you or did any of you work for the Department of Agriculture?

4. Do any of you have a family member or close friend who either presently or in the past worked for the Department of Agriculture?

5. Do any of you or did any of you work in the grocery business?

6. Do any of you have a family member or close friend who worked in the grocery business?

7. If "yes" to question 5 or 6, did they ever discuss food stamps with you (food stamps are now known as the "SNAP" program which stands for Supplement Nutrition Assistance Program).

8. If "yes" to question 5 or 6, did they ever discuss with you the Supplemental Nutrition Assistance Program ("SNAP")?

9. Food stamps have been replaced by an Electronic Benefit Transfer Debit Card known as an EBT card. Have any of you or your family members received any training about the guidelines regarding the use of EBT cards such as who can use them, what can be purchased with them, whether a person using an EBT card can ever get cash?

10. Any of you familiar with an EBT card (Electronic Benefit Transfer Debit Card):

    a. What are your feelings about the food stamp program/SNAP program?

    b. Do any of you feel a stigma or shame goes along with an individual who uses food stamps/EBT cards?

      c.      Do you believe the food stamp program/SNAP program is a waste of taxpayers' money?

      d.      Do you believe that many people on food stamps/SNAP program are cheats?

      e.      How many of you are on food stamps/EBT cards or used foods stamps/EBT cards in the last five years?

11.     The allegation here is that Mohammed Al Asai participated in food stamp fraud at his store known as Al Yasmine Food Mart ("Al Yasmine"), located at 6700 Strawberry Lane in Louisville, Kentucky 40214

      a.      Do any of you or your family or friends shop there?

      b.      It is located in the 40214 Zip Code. Do any of you live in that zip code?

      c.      Do you believe that there is more SNAP (food stamp) usage in this zip code than in Prospect or the east end of Louisville?

12.     We anticipate that the Government will have informants testify. These are people who went into Mohammed Al Asai's store and secretly videoed their conversations with him.

      a.      These people may have their own problems and may have been promised favorable treatment in exchange for their testimony.

      b.      Will you consider their testimony with ore caution than that of an average witness?

      c.      Will you consider the informant may have reason to make up a store or exaggerate what others did so that can gain favor with the Government?

13.     The Government will attempt to convince you that Mohammed Al Asai committed fraud because it will compare his SNAP usage with other stores.

      a.      Will you keep in mind the location of his store with other stores?

    b. Will you keep in mind the characteristics of his customers, for example, their income level?

    c. Will you keep in mind the fact that Mohammed Al Asai sold groceries, bakery goods, phones and charged for notary services at his store while the comparison stores sold only groceries?

14. Have you ever served as a juror in a civil case?

15. In civil cases, you were told that it is only necessary to prove a fact is more likely true than not true. This is a criminal case. Do you understand that the Government's proof must be greater than that? It must be proof beyond a reasonable doubt.

16. Are you aware that the indictment charging Mohammed Al Asai with a crime is not evidence of any kind?

17. Do you promise not to regard the fact that Mohammed Al Asai was charged with this crime by the Grand Jury as proof that he committed it?

18. Do you promise not to take the attitude that "where there is some smoke, there must be fire" and thereby impose a burden upon Mr. Al Asai to prove his innocence?

19. Are you prepared to presume Mohammed Al Asai innocent until his guilt has been established beyond a reasonable doubt?

20. Will you be able to presume him innocent without any mental reservations of any kind?

11. Are you prepared to regard the presumption of innocence as proof of Mohammed Al Asai's innocence unless guilt is established by satisfactory evidence beyond a reasonable doubt?

12. Would you at any time require Mohammed Al Asai to introduce proof of his innocence of the charge before voting "not guilty?"

13.    Because of the presumption of innocence, if you were instructed to vote on Mr. Al Asai's guilt or innocence right now, would you vote "not guilty"?