UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**UNITED STATES OF AMERICA**                                                           **PLAINTIFF**

v.                                      **CRIMINAL ACTION NO.: 3:16-cr-00149-RGJ**

*ELECTRONICALLY FILED*

## DEFENDANT MOHAMMED AL ASAI'S MOTION IN LIMINE NO. 3 PROHIBITING EVIDENCE OF OTHER STORE SNAP SALES IN COMPARISON WITH THE DEFENDANT'S

**MOHAMMED AL ASAI**                                            **DEFENDANT**

\* \* \* \* \* \* \* \* \* \* \*

     Comes the Defendant, MOHAMMED AL ASAI, through counsel, WILLIAM M. BUTLER, JR., and requests this Honorable Court to prohibit any evidence of SNAP sales of other stores to inculpate the Defendant when his SNAP sales are compared to theirs.

     Mr. Al Asai anticipates that the United States will attempt to show that other small grocery stores have significantly smaller SNAP sales than Mr. Al Asai's stores. Such evidence should be prohibited based on FRE 401 through 403.

     The Indictment charges Mr. Al Asai with Food Stamp Fraud and Wire Fraud. The amount of provable fraud will inflate any punishment Mr. Al Asai receives.

     It is not possible to determine whether a SNAP sale is legal by store-to-store comparison. Such evidence is not relevant to the question of whether Mr. Al Asai's SNAP sales were legitimate and are not admissible under FRE 402. Even if this evidence had some

small relevance, any probative value is substantially outweighed by the danger of unfair prejudice and thus is inadmissible pursuant to FRE 403.

Store-to-store comparisons of SNAP sales where the compared stores are in different geographic locations and where their customers have different economic buying power is prejudicial. Any such comparison would be statistically invalid and meaningless. As the Sixth Circuit has emphasized, for the government to seek a legitimate inference of guilt by comparing a defendant's business to an "average" business, the "average" business must be truly and fully comparable. United States v. Seelig, 622 F.2d 207, 214-216 (6th Cir. 1980). In Seelig, a narcotics case, the prosecution introduced a police officer's chart comparing sales of codeine-based medicines by the defendant's pharmacies with sales in eight other local stores. Id. at 214-215. The Sixth Circuit held the comparison was invalid: "The record does not show these other stores were the same size, covered the same marketing area, were open the same hours, had pharmacists on duty at all times, had the same access to the public, or, most importantly, charged the same prices all of which could have significantly affected the volume of sales," the court commented. Id. at 215. The fact that the defendant's pharmacies sold more codeine-based drugs than the purported "average" store was "simply irrelevant," the court declared, because the government had "fail[ed] to establish the comparability of the other stores." Ibid. By using the chart to argue that the defendant's pharmacy had sold codeine medications in disproportionately high amounts, the prosecution had asked the jury to "make an inference of guilt that the exhibit did not support," the court ruled. Id. at 216. In the case at bar, store-to-store SNAP sales comparison would be used merely to inflame the jurors and "to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged." Old Chief

v. United States, 519 U.S. 172, 180 (1997). Store-to-store comparisons are statistically meaningless and any probative value is substantially outweighed by the danger of unfair prejudice. Therefore, any evidence related to Mr. Al Asai's SNAP sales compared to other stores should be excluded at trial.

Additionally, the Defendant objects to such comparisons because this matter must be presented to the jury by means of an expert witness qualified by education and training to explain to a jury composed of lay persons the statistical principles that justify a conclusion that of all of the small grocery stores in the Louisville area, the ones chosen by the United States are comparable and representative. FRE 702. Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993).

The United States has not given Defendant the notice of expert testimony required by the Pre-Trial Order of June 28, 2018. Therefore, the evidence should be excluded.

Respectfully submitted,

s/ William M. Butler, Jr.
William M. Butler, Jr.
Counsel for Defendant Mohammed Al Asai
500 W. Jefferson Street
Suite 1520
Louisville, Kentucky 40202
(502) 582-2020 (Telephone)
(502) 583-8007 (Facsimile)

**CERTIFICATE OF SERVICE**

I hereby certify that on October 23, 2018 I filed the foregoing through the ECF System, which will send a notice of electronic filing to the Honorable Amanda Gregory, Assistant United States Attorney and to the Honorable Jessica R.C. Malloy, Assistant United States Attorney.

s/ William M. Butler, Jr.
WILLIAM M. BUTLER, JR.