**FILED**

VANESSA L. ARMSTRONG, CLERK

NOV 1 4 2018

U.S. D.S HICT COURT
WEST'N. DIST. KENTUCKY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA                                        Plaintiff

v.                                              Criminal Action No. 3:16-cr-00149-RGJ

MOHAMMED AL ASAI                                              Defendant

\* \* \* \* \*

**JURY INSTRUCTIONS**

1

# INTRODUCTION

Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case. I will start by explaining your duties and the general rules that apply in every criminal case. Then I will explain the elements, or parts, of the crime that the defendant is accused of committing. Then I will explain some rules that you must use in evaluating testimony and evidence. And last, I will explain the rules that you must follow during your deliberations in the jury room, and the possible verdicts that you may return.

Please listen very carefully to everything I say.

## JURORS' DUTIES

You have two main duties as jurors. The first one is to decide what the facts are from the evidence that you saw and heard here in court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if the United States has proved the defendant guilty beyond a reasonable doubt. It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you before and during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole.

The lawyers may have talked about the law during their arguments. But if what they said is different from what I say, you must follow what I say. What I say about the law controls.

Perform these duties fairly. Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

3

## PRESUMPTION OF INNOCENCE, BURDEN OF PROOF, REASONABLE DOUBT

As you know, the defendant has plead not guilty to the crimes charged in the indictment. The indictment is not any evidence at all of guilt. It is just the formal way that the United States tells a defendant what crime he is accused of committing. It does not even raise any suspicion of guilt.

Instead, a defendant starts the trial with a clean slate, with no evidence at all against him, and the law presumes that he is innocent. This presumption of innocence stays with him unless the United States presents evidence here in court that overcomes the presumption and convinces you beyond a reasonable doubt that he is guilty.

This means that the defendant has no obligation to present any evidence at all, or to prove to you in any way that he is innocent. It is up to the United States to prove that he is guilty, and this burden stays on the United States from start to finish. You must find the defendant not guilty unless the United States convinces you beyond a reasonable doubt that he is guilty.

The United States must prove every element of the crime charged beyond a reasonable doubt. Proof beyond a reasonable doubt does not mean proof beyond all possible doubt. Possible doubts or doubts based purely on speculation are not reasonable doubts. A reasonable doubt is a doubt based on reason and common sense. It may arise from the evidence, the lack of evidence, or the nature of the evidence.

Proof beyond a reasonable doubt means proof which is so convincing that you would not hesitate to rely and act on it in making the most important decisions in your own lives. If you are convinced that the United States has proved the defendant guilty beyond a reasonable doubt, say so by returning a guilty verdict. If you are not convinced, say so by returning a not guilty verdict.

4

## EVIDENCE DEFINED

You must make your decision based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath; the exhibits that I allowed into evidence; and the stipulations that the lawyers agreed to.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence. And my comments and questions are not evidence.

Make your decision based only on the evidence, as I have defined it here, and nothing else.

## CONSIDERATION OF EVIDENCE

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

Direct evidence is simply evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact. If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining.

Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight that you should give to either one, or say that one is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

# CREDIBILITY OF WITNESSES

Another part of your job as jurors is to decide how credible or believable each witness was. This is your job, not mine. It is up to you to decide if a witness's testimony was believable, and how much weight you think it deserves. You are free to believe everything that a witness said, or only part of it, or none of it at all. But you should act reasonably and carefully in making these decisions.

Let me suggest some things for you to consider in evaluating each witness's testimony.

Ask yourself if the witness was able to clearly see or hear the events. Sometimes even an honest witness may not have been able to see or hear what was happening, and may make a mistake.

Ask yourself how good the witness's memory seemed to be. Did the witness seem able to accurately remember what happened?

Ask yourself if there was anything else that may have interfered with the witness's ability to perceive or remember the events.

Ask yourself how the witness acted while testifying. Did the witness appear honest? Or did the witness appear to be lying?

Ask yourself if the witness had any relationship to the United States or the defendant, or anything to gain or lose from the case, that might influence the witness's testimony. Ask yourself if the witness had any bias, or prejudice, or reason for testifying that might cause the witness to lie or to slant the testimony in favor of one side or the other.

Ask yourself if the witness testified inconsistently while on the witness stand, or if the witness said or did something (or failed to say or do something) at any other time that is inconsistent with what the witness said while testifying. If you believe that the witness was inconsistent, ask yourself if this makes the witness's testimony less believable. Sometimes it may; other times it may not. Consider whether the inconsistency was about something important, or about some unimportant detail. Ask yourself if it seemed like an innocent mistake, or if it seemed deliberate.

And ask yourself how believable the witness's testimony was in light of all the other evidence. Was the witness's testimony supported or contradicted by other evidence that you found believable? If you believe that a witness's testimony was contradicted by other evidence, remember that people sometimes forget things, and that even two honest people who witness the same event may not describe it exactly the same way.

These are only some of the things that you may consider in deciding how believable each witness was. You may also consider other things that you think shed some light on the witness's believability. Use your common sense and your everyday experience in dealing with other people. And then decide what testimony you believe, and how much weight you think it deserves.

## NUMBER OF WITNESSES

One more point about the witnesses. Sometimes jurors wonder if the number of witnesses who testified makes any difference.

Do not make any decisions based only on the number of witnesses who testified. What is more important is how believable the witnesses were, and how much weight you think their testimony deserves. Concentrate on that, not the numbers.

## ON OR ABOUT

Next, I want to say a word about the date mentioned in the indictment.

The indictment charges that the crimes happened "on or about" or "in or around" certain dates or time periods. The United States does not have to prove that the crime happened on that exact date. But the United States must prove that the crime happened reasonably close to those dates.

# USE OF THE WORD "AND" IN THE INDICTMENT

Although the indictment charges that the statute was violated by acts that are connected by the word "and," it is sufficient if the evidence establishes a violation of the statute by any one of the acts charged. Of course, this must be proved beyond a reasonable doubt.

## INFERRING REQUIRED MENTAL STATE

Next, I want to explain something about proving a defendant's state of mind.

Ordinarily, there is no way that a defendant's state of mind can be proved directly, because no one can read another person's mind and tell what that person is thinking.

But a defendant's state of mind can be proved indirectly from the surrounding circumstances. This includes things like what the defendant said, what the defendant did, how the defendant acted, and any other facts or circumstances in evidence that show what was in the defendant's mind.

You may also consider the natural and probable results of any acts that the defendant knowingly did and whether it is reasonable to conclude that the defendant intended those results. This, of course, is all for you to decide.

## SUMMARIES AND OTHER MATERIALS NOT ADMITTED IN EVIDENCE

During the trial you have seen counsel use summaries, charts, and other similar material which were offered to assist in the presentation and understanding of the evidence. This material is not itself evidence and must not be considered as proof of any facts.

## SECONDARY-EVIDENCE SUMMARIES ADMITTED IN EVIDENCE

During the trial you have also seen or heard summary evidence in the form of a chart or similar material. This summary was admitted in evidence, in addition to the material it summarizes, because it may assist you in understanding the evidence that has been presented.

But the summary itself is not evidence of the material it summarizes, and is only as valid and reliable as the underlying material it summarizes.

## TRANSCRIPT OF RECORDED CONVERSATION

Typewritten transcripts of oral conversations, which can be heard on recordings received in evidence, were shown to you. The transcripts also purport to identify the speakers engaged in such conversation.

I have admitted the transcripts as Exhibits 32A and 32B for the limited and secondary purpose of aiding you in following the content of the conversations as you listen to the recordings, and also to aid you in identifying the speakers.

You are specifically instructed that whether the transcripts correctly or incorrectly reflect the content of the conversations or the identity of the speakers is entirely for you to determine, based on your evaluation of the testimony you have heard about the preparation of the transcripts and on your own examination of the transcripts in relation to your hearing of the recordings themselves as the primary evidence of its own contents. If you should determine that the transcript is in any respect incorrect or unreliable, you should disregard it to that extent.

## DEFENDANT'S TESTIMONY

You have heard the defendant testify. Earlier, I talked to you about the "credibility" or the "believability" of the witnesses. And I suggested some things for you to consider in evaluating each witness's testimony.

You should consider those same things in evaluating the defendant's testimony.

## TESTIMONY OF A WITNESS UNDER GRANT OF IMMUNITY OR REDUCED CRIMINAL LIABILITY

You have heard the testimony of Kareem Taqi. You have heard that he was involved in the same crime that the defendant is charged with committing. You have also heard that the United States has promised him favorable consideration in exchange for his cooperation.

It is permissible for the United States to make such a promise. But you should consider Kareem Taqi's testimony with more caution than the testimony of other witnesses. Consider whether his testimony may have been influenced by the United States's promise.

Do not convict the defendant based on the unsupported testimony of such a witness, standing alone, unless you believe his testimony beyond a reasonable doubt.

# INTRODUCTION

## DEFINITION OF CRIMES

Next, I will explain the elements of the crimes that the defendant is accused of committing.

But before I do that, I want to emphasize that the defendant is only on trial for the crimes charged in the indictment. Your job is limited to deciding whether the United States has proved the crime charged.

## SEPARATE CONSIDERATION--SINGLE DEFENDANT
## CHARGED WITH MULTIPLE CRIMES

The defendant has been charged with three counts. The number of charges is no evidence of guilt, and this should not influence your decision in any way. It is your duty to separately consider the evidence that relates to each charge, and to return a separate verdict for each one. For each charge, you must decide whether the United States has presented proof beyond a reasonable doubt that the defendant is guilty of that particular charge.

Your decision on one charge, whether it is guilty or not guilty, should not influence your decision on any of the other charges.

## ELEMENTS OF THE CRIME

## Food Stamp Fraud 7 U.S.C. § 2024(b)

## COUNT 1

Count 1 of the indictment charges the Defendant with food stamp fraud in violation of federal law. For you to find the defendant guilty of food stamp fraud, you must find that the United States has proved each and every one of the following elements beyond a reasonable doubt:

1.      First, that the Defendant used, transferred, acquired, altered, or possessed Supplemental Nutrition Assistance Program benefits in a manner not authorized by law or Department of Agriculture regulations;

2.      Second, that the Defendant knew that he was acting unlawfully and intended to violate the law;

3.      Third, that the benefits in question had a value of at least $100.

Under the law and Department of Agriculture regulations, the only authorized use of Supplemental Nutrition Assistance Program benefits is the recipient's purchase of qualifying food at an authorized retail store at a price prevailing in such stores. No law or Department of Agriculture regulation allows anyone to sell or purchase benefits for cash or other non-food items of value. Further, no law or Department of Agriculture regulation allows anyone to extend credit to an individual with the promise of payment in future benefits. The United States need not show that the Defendant had knowledge of the specific law, only that he knew that his conduct was unlawful.

The "value" of benefits are their face value.

21

## GOOD FAITH DEFENSE

## FOOD STAMP FRAUD

## COUNT 1

(A)     The good faith of the defendant is a complete defense to the charge of food stamp fraud contained in Count 1 of the indictment because good faith on the part of the defendant is, simply, inconsistent with an intent to defraud.

(B)     A person who acts, or causes another person to act, on a belief or an opinion honestly held is not punishable under this statute merely because the belief or opinion turns out to be inaccurate, incorrect, or wrong. An honest mistake in judgment or an honest error in management does not rise to the level of criminal conduct.

(C)     A defendant does not act in good faith if, even though he honestly holds a certain opinion or belief, that defendant also knowingly makes false or fraudulent pretenses, representations, or promises to others.

(D)     While the term "good faith" has no precise definition, it encompasses, among other things, a belief or opinion honestly held, an absence of malice or ill will, and an intention to avoid taking unfair advantage of another.

(E)     The burden of proving good faith does not rest with the defendant because the defendant does not have any obligation to prove anything in this case. It is the Untied State's burden to prove to you, beyond a reasonable doubt, that the defendant acted with an intent to defraud.

(F)     If the evidence in this case leaves you with a reasonable doubt as to whether a defendant acted with an intent to defraud or in good faith, you must acquit the defendant.

22

# FOOD STAMP FRAUD

## COUNT 1

### (7 U.S.C. § 2024(b))

If you are convinced that the United States has proved all of the elements of food stamp fraud, say so by returning a guilty verdict on the charge. If you have a reasonable doubt about any of the elements, or the evidence in this case leaves you with a reasonable doubt as to whether the defendant acted with an intent to defraud or in good faith, then you must find the defendant not guilty of this charge.

## ELEMENTS OF THE CRIME

## Wire Fraud 18 U.S.C. § 1343

## COUNTS 2 AND 3

Counts 2 and 3 charge the indictment charge the Defendant with wire fraud. For you to find the Defendant guilty of wire fraud, you must find that the United States has proved each and every one of the following elements beyond a reasonable doubt:

1.     First, that the Defendant devised and intended to devise a scheme to defraud in order to obtain money or property, that is the Defendant defrauded the Supplemental Nutrition Assistance Program, also known as the food stamp program, by providing cash and other non-food items of value in exchange for Supplemental Nutrition Assistance Program benefits, in violation of program rules and regulations that only permit benefits to be used for the purchase of eligible food items;

2.     Second, that the scheme included a material misrepresentation or concealment of a material fact;

3.     Third, that the Defendant had the intent to defraud; and

4.     Fourth, that the Defendant used wire communications in interstate commerce in furtherance of the scheme. The United States and the Defendant have agreed, or stipulated, to the following facts as proved: A wire communication in interstate commerce is generated each time a SNAP EBT card is swiped for a purchase at a point-of-sale machine.

Now I will give you more detailed instructions on some of these terms.

1. A "scheme to defraud" includes any plan or course of action by which someone intends to deprive another of money or property by means of false or fraudulent pretenses, representations, or promises.

2. The term "false or fraudulent pretenses, representations, or promises" means any false statements or assertions that concern a material aspect of the matter in question, that were either known to be untrue when made or made with reckless indifference to their truth. They include actual, direct false statements as well as half-truths and the knowing concealment of material facts.

3. A misrepresentation or concealment is "material" if it has a natural tendency to influence or is capable of influencing the decision of a person of ordinary prudence and comprehension.

4. To act with "intent to defraud" means to act with an intent to deceive or cheat for the purpose of either causing a financial loss to another or bringing about a financial gain to oneself.

5. The term "interstate commerce" includes wire, radio, or television communications which crossed a state line.

6. It is not necessary that the United States prove all of the details alleged concerning the precise nature and purpose of the scheme.

Remember that while Counts Two and Three have the same elements, they concern different dates. You the jury must therefore consider Counts Two and Three separately.

Count Two charges that, on or about January 28, 2016, the Defendant knowingly charged $187.06 to a Supplemental Nutrition Assistance Program benefits card, bearing number

xxxxxxxxxxxx0141, which cause a wire communication from Louisville, Kentucky, to outside Kentucky.

Count Three charges that, on or about May 13, 2016, the Defendant knowingly charged $85.65 to a Supplemental Nutrition Assistance Program benefits card, bearing number xxxxxxxxxxxx0141, which cause a wire communication from Louisville, Kentucky, to outside Kentucky.

# GOOD FAITH DEFENSE

## WIRE FRAUD

### COUNTS 2 & 3

(A)    The good faith of the defendant is a complete defense to the charge of wire fraud contained in Counts 2 and 3 of the indictment because good faith on the part of the defendant is, simply, inconsistent with an intent to defraud.

(B)    A person who acts, or causes another person to act, on a belief or an opinion honestly held is not punishable under this statute merely because the belief or opinion turns out to be inaccurate, incorrect, or wrong. An honest mistake in judgment or an honest error in management does not rise to the level of criminal conduct.

(C)    A defendant does not act in good faith if, even though he honestly holds a certain opinion or belief, that defendant also knowingly makes false or fraudulent pretenses, representations, or promises to others.

(D)    While the term "good faith" has no precise definition, it encompasses, among other things, a belief or opinion honestly held, an absence of malice or ill will, and an intention to avoid taking unfair advantage of another.

(E)    The burden of proving good faith does not rest with the defendant because the defendant does not have any obligation to prove anything in this case. It is the Untied State's burden to prove to you, beyond a reasonable doubt, that the defendant acted with an intent to defraud.

(F)    If the evidence in this case leaves you with a reasonable doubt as to whether a defendant acted with an intent to defraud or in good faith, you must acquit the defendant.

27

# WIRE FRAUD

## COUNTS 2 & 3

## (18 U.S.C. § 1343)

If you are convinced that the United States has proved all of the elements of wire fraud in Count 2, say so by returning a guilty verdict on the charge. If you have a reasonable doubt about any of the elements, or the evidence in this case leaves you with a reasonable doubt as to whether the defendant acted with an intent to defraud or in good faith, then you must find the defendant not guilty of this charge.

If you are convinced that the United States has proved all of the elements of wire fraud in Count 3, say so by returning a guilty verdict on the charge. If you have a reasonable doubt about any of the elements, or the evidence in this case leaves you with a reasonable doubt as to whether the defendant acted with an intent to defraud or in good faith, then you must find the defendant not guilty of this charge.

## DELIBERATIONS AND VERDICT

### INTRODUCTION

That concludes the part of my instructions explaining the rules for considering some of the testimony and evidence. Now let me finish up by explaining some things about your deliberations in the jury room, and your possible verdicts.

The first thing that you should do in the jury room is choose someone to be your foreperson. This person will help to guide your discussions, and will speak for you here in court.

Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case. If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the jury officer. The officer will give them to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you. Any questions or messages normally should be sent to me through your foreperson.

One more thing about messages. Do not ever write down or tell anyone, including me, how you stand on your votes. For example, do not write down or tell anyone that you are split 6-6, or 8-4, or whatever your vote happens to be. That should stay secret until you are finished.

## EXPERIMENTS, RESEARCH, INVESTIGATION AND OUTSIDE
## COMMUNICATIONS

Remember that you must make your decision based only on the evidence that you saw and heard here in court.

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, Blackberry, or computer, the Internet, any Internet service, or any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, MySpace, LinkedIn, YouTube or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict. In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case. You can only discuss the case in the jury room with your fellow jurors during deliberations. I expect you will inform me as soon as you become aware of another juror's violation of these instructions.

You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom. Information on the Internet or available through social media might be wrong, incomplete, or inaccurate. You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have. In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom. Otherwise, your decision may be based on information known only by you and not your fellow jurors or the parties in the case. This would unfairly and adversely impact the judicial process. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result, which would require the entire trial process to start over.

## UNANIMOUS VERDICT

Your verdict, whether it is guilty or not guilty, must be unanimous as to each count.

To find the defendant guilty of a particular count, every one of you must agree that the United States has overcome the presumption of innocence with evidence that proves his guilt beyond a reasonable doubt.

To find him not guilty of a particular count, every one of you must agree that the United States has failed to convince you beyond a reasonable doubt.

Either way, guilty or not guilty, your verdict must be unanimous as to each count.

# DUTY TO DELIBERATE

Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room. In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement. Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say. Try your best to work out your differences. Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.

But do not ever change your mind just because other jurors see things differently, or just to get the case over with. In the end, your vote must be exactly that--your own vote. It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say. So you should all feel free to speak your minds.

Listen carefully to what the other jurors have to say, and then decide for yourself if the United States has proved the defendant guilty beyond a reasonable doubt.

## PUNISHMENT

If you decide that the United States has proved the defendant guilty, then it will be my job to decide what the appropriate punishment should be.

Deciding what the punishment should be is my job, not yours. It would violate your oaths as jurors to even consider the possible punishment in deciding your verdict.

Your job is to look at the evidence and decide if the United States has proved the defendant guilty beyond a reasonable doubt.

## VERDICT FORM

When you go to the jury room you should first select one of your members to act as your foreperson. The foreperson will preside over your deliberations and will speak for you here in court.

A form of verdict has been prepared for your convenience for each count.

You will take the verdict forms to the jury room when you have reached unanimous agreement you will have your foreperson fill in the verdict forms, date and sign them, and notify the Courtroom Security Officer.

# COURT HAS NO OPINION

Let me finish up by repeating something that I said to you earlier. Nothing that I have said or done during this trial was meant to influence your decision in any way. You decide for yourselves if the United States has proved the defendant guilty beyond a reasonable doubt.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA                                        Plaintiff

v.                                              Criminal Action No. 3:16-cr-149-RGJ

MOHAMMED AL ASAI                                              Defendant

\* \* \* \* \*

## **VERDICT FORM**

We, the jury, find Mohammed Al Asai:

As to Count 1, Food Stamp Fraud:

        GUILTY_____           NOT GUILTY_____

 

_____   _____
Foreperson                    Juror No.

Date: _____

As to Count 2, Wire Fraud:

        GUILTY_____           NOT GUILTY_____

 

_____   _____
Foreperson                    Juror No.

Date: _____

As to Count 3, Wire Fraud:

GUILTY_____          NOT GUILTY_____

_____    _____
Foreperson                   Juror No.

Date: _____