# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION

UNITED STATES OF AMERICA            PLAINTIFF

v.            CRIMINAL ACTION NO.: 3:16-cr-00149-RGJ

*ELECTRONICALLY FILED*

## SUPPLEMENT TO DEFENDANT'S SENTENCING MEMORANDUM

MOHAMMED AL ASAI            DEFENDANT

\* \* \* \* \* \* \* \* \* \* \*

The Defendant, Mohammed Al Asai, by counsel, files his Supplement to assist the Court in meting a sentence that is sufficient but not greater than necessary to meet the goals of sentencing.

Because the restitution amount drastically effects the guidelines for sentencing purposes, the restitution amount should be set at an amount that is not just "an estimation".

The Government's surveillance data should not be used. It should not be used because it is unreliable due to the fact that the video taken was not of the main door. Multiple witnesses testified that the main door was the door leading to the parking lot. The door which was video surveilled was the door leading from the restaurant section of the food mart.

The Defendant urges the Court to consider the fact that Al Yasmine is s store that cannot be easily categorized. As had been shown through uncontradicted testimony at trial, the overwhelming number of customers were refugees who had large SNAP allocations. These refugees lived near the store and many did not have access to transportation.

The Government states that the percentage of transactions viewed as fraudulent should be at least 50% percent. There is no testimony nor proof of any sort that 50% is a valid percentage.

As was demonstrated at the initial sentencing hearing, comparing Al Yasmine to an average small grocery store is not a valid comparison due to the Store's clientele. Because there is not a similar store, a comparison of the $20.00 average transaction amount for "small grocery stores" is not valid.

The fact that there were large halal purchases of meat is only part of the story. The fact that the refugees had large SNAP allocations and generally shopped at no other stores also caused large SNAP purchases.

The Government has not proven by a preponderance of evidence a restitution figure which would cause Mohammed Al Asai to have a fourteen (14) point increase on his offense conduct.

Respectfully submitted,

s/ William M. Butler, Jr.
William M. Butler, Jr.
Counsel for Defendant Mohammed Al Asai
500 W. Jefferson Street, Suite 1520
Louisville, Kentucky 40202
(502) 582-2020 (Telephone)
(502) 583-8007 (Facsimile)

**CERTIFICATE OF SERVICE**

I hereby certify that on February 14, 2019 I filed the foregoing through the ECF System, which will send a notice of electronic filing to the Honorable Amanda Gregory, Assistant United States Attorney and to the Honorable Jessica R.C. Malloy, Assistant United States Attorney.

s/ William M. Butler, Jr.
WILLIAM M. BUTLER, JR.