UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
*Filed Electronically*

**UNITED STATES OF AMERICA**                                            **PLAINTIFF**

**v.**                                               **CASE NO: 3:2016-CR-00149**

**MOHAMMED ASAI**                                         **DEFENDANT**

*18 U.S.C. Section 3143(b)* **MOTION FOR APPELLATE BOND**

      Comes the Defendant, Mohammed Asai, and hereby Motions this Court pursuant to *18 U.S.C. Section 3143(b)* to remain on bond while pending appeal.

      In support of this Motion the Defendant submits that he is not likely to flee or pose a danger to the safety of any individual or the community as a whole. *See 18 U.S.C. 3143(b)(1)(A).*

      The Defendant has been ordered to report to the Bureau of Prison for voluntary surrender on April 16th, 2019 to the USP McCreary facility in Pine Knot, Kentucky. Therefore, the Defendant respectfully asks the Court to stay his voluntary surrender while this issue is pending.

### The Defendant Is Not A Flight Risk

      The Defendant has resided in Jefferson County for approximately 21 years. The Defendant has close family in Jefferson County: a cousin, his significant other and his two children (ages 12 and 8). The Defendant was released on bond conditions by this Honorable Court on November 22, 2016 and for the next two and a half years returned for all court proceedings herein, including appearing for sentencing after he was convicted at trial.

      Even post-sentencing, when the Defendant was given a sentence of incarceration, the Defendant has not fled even while awaiting his voluntary surrender. The Defendant had more than ample time to flee the District during the pendency of this litigation and he did not. The Defendant has had ample opportunity to flee the District since the Court imposed the sentence.

      The Defendant would not be a flight risk if allowed to remain on bond pending appeal. The Defendant cannot return to his homeland in Iraq; based upon his assistance to the U.S. military, the Defendant's life (and the safety of his family) would be in extreme danger. Therefore, the Defendant is not likely to flee.

      The Defendant is currently running a cargo transportation company, providing expedited transportation and logistics for large companies such Ford, UPS and FedEx. In this business, the

Defendant often has to travel outside the District, in fact he often travels all over the United States and has always abided by the bond conditions and always returned back here to the Western District.  Again, this conclusively shows that even with the ability to travel across the country, the Defendant has made no attempt to flee and avoid the consequences of this case.

### The Defendant Is Not A Danger To Any Individuals Or The Community

The Defendant is not a danger to any specific individual or to the community at large.  The Defendant was indicted and convicted of a non-violent, financial fraud offense.  The Defendant was not accused of committing any violence or threatening any violence or using any firearms in the course of his conduct in the underlying indictment.  Further, the Defendant has no history of violence or use of firearms at all.  The Defendant did not threaten any of the government's witnesses herein.  The Defendant has abided by all of his bond conditions during the course of this action.  Therefore, he is clearly not a danger.

### The Defendant's Appeal Raises A Substantial Issue Of Fact And Law

The statute reads in its pertinent parts:

"[T]he judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal….to be detained unless the judicial officer finds-

(A) By clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under Section 3142(b) or (c) of this title; and

(B) That the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in (i) reversal, (ii) an order for new trial, (iii) a sentence that does not include a term of imprisonment, or (iv) a reduced sentenced to a term of imprisonment less than the total of the time already served plus the expected duration of the appeals process."

Here the Defendant has not filed an appeal for the simple and mere purpose of delaying his incarceration.  The Defendant is raising an issue of law and fact in regards to the Court's methodology of determining the fraud amount and the loss calculation based upon that methodology.

The Defendant believes that this appeal will lead to either a sentence that does not include a term of imprisonment or a reduced sentence of imprisonment less than the expected duration of the appeals process; the Defendant's guideline range was extremely low, but the driving factor that led to a sentence of incarceration was the loss calculation amount.  The

Defendant had no prior record, so the criminal history category was 0.  The offense level is what created a guideline range of incarceration.  The Defendant is not expecting a reversal or a new trial.

Because the Court's sentence was based in part upon the alleged loss amount of the fraud (the relevant conduct under the 3553(a) factors), the Defendant maintains that his appeal will raise a substantial issue of fact and law, in the specific method of analysis that was used to calculate the loss amount.

## Conclusion

While the Defendant acknowledges that the burden to obtain an appellate bond is high, the Defendant maintains that he has met the statutory requirements and that this Honorable Court should issue a bond herein while his appeal is pending.

Respectfully submitted,

*/s/ J. Clark Baird*
J. CLARK BAIRD
Counsel for Defendant
969 Barret Ave.
Louisville, KY 40204
Phone:  (502) 583-3388
Fax:  (502) 583-3366
E-mail: clark@jclarkbaird.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 10, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to Assistant United States Attorney and all parties associated with this matter.

*/s/ J. Clark Baird*
J. CLARK BAIRD
Counsel for Defendant