UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                              PLAINTIFF

vs.                                            CRIMINAL ACTION NO. 3:16CR-149-RGJ

MOHAMMED AL ASAI                                                      DEFENDANT

**UNITED STATES' RESPONSE TO DEFENSE 18 U.S.C. § 1343(b) MOTION FOR APPELLATE BOND**
*Electronically Filed*

Mohammed Al Asai was convicted at trial and sentenced to 20 months in prison, a sentence less than 50% of the low end of his Sentencing Guideline range. He now asks the Court to release him on bond pending appeal. DN 113. Because the defendant failed to carry his burden of establishing that his appeal raises a substantial question of law or fact likely to result in the reversal of his conviction or a reduction of his sentence, his motion should be denied.

**BACKGROUND**

Defendant Mohammed Al Asai was convicted after a jury trial of two counts of wire fraud and one count of food stamp fraud. DN 39, 85. Based on evidence presented during the five-day trial and the two-day sentencing, the Court found that the defendant's offense level was 23, based in part on a determined loss of $637,697.62, which results in a guideline range of 46 to 57 months. Considering the defendant's personal history and characteristics and other factors under 18 U.S.C. § 3553(a), the Court sentenced the defendant to 20 months. DN 106. On April 10, 2019, the defendant filed a motion for bond pending appeal. DN 113.

## LAW

When, as here, a defendant is convicted after trial and sentenced to a term of imprisonment, his eligibility for release pending appeal is governed by 18 U.S.C. § 3143. "Section 3143(b)(1) creates a presumption against release pending appeal." *United States v. Mullet*, No. 13-3205, 2013 WL 8367565, at *1 (6th Cir. July 24, 2013) (*citing United States v. Chilingirian*, 280 F.3d 704, 709 (6th Cir. 2002)). A defendant can overcome that presumption by establishing (1) that he is not likely to flee or pose a danger to the safety of any other person or or the community if released, (2) that the appeal is not for the purpose of delay, and (3) that the appeal raises a substantial question of law or fact *likely* to result in reversal, an order for a new trial, a sentence that does not include a term of imprisonment, or a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process. 18 U.S.C. § 3143(b)(1).

## ARGUMENT

As explained above, to establish an entitlement to release pending appeal, 18 U.S.C. § 3143(b) requires a defendant to show (1) that he is not likely to flee or pose a danger to the safety of any other person or the community if released, (2) that the appeal is not for the purpose of delay, and (3) that the appeal raises a substantial question of law or fact likely to result in the reversal of his conviction or the reduction of his sentence. 18 U.S.C. § 3143(b)(1). The third prong requires the defendant to identify a legal issue "which is either novel, which has not been decided by controlling precedent, or which is fairly doubtful." *United States v. Miller*, 753 F.2d 19, 23 (3rd Cir. 1985). The issue must be a "close question or one that could go either way" and "so integral to the merits . . . that it is more probable than not that reversal . . . will occur if the question is

decided in [his] favor." *United States v. Pollard*, 778 F.2d 1177, 1182 (6th Cir. 1985) (citation omitted).

The defendant has not carried his burden under prong three of the § 3143(b)(1) analysis. The defendant states he "is raising an issue of law and fact in regards to the Court's methodology of determining the fraud amount and the loss calculation." DN 113 at 2. However, the defendant does not specify what he believes is wrong with the Court's methodology, nor does he does not offer argument or citations to authority to establish that it is a novel or undecided issue, that it is likely to be decided in his favor, and that it would result in no term of imprisonment or a reduced term less than the expected duration of the appeal process. *See*, *e.g.*, *United States v. Sypher*, No. 3:09-CR-00085, 2011 WL 1314669, at *3 (W.D. Ky. Apr. 1, 2011) (holding that defendant, who "offer[ed] a lengthy list of 'issues' to be presented on appeal" but "provide[d] no legal authority— and indeed, no rational argument—that any issue amount[ed] to a substantial question of law or fact," failed to carry her burden under prong three of the § 3143(b)(1) analysis). Indeed, as discussed in the United States' sentencing memorandum (DN 95) and by the Court at sentencing, the issues concerning the calculation of loss in food stamp fraud cases are neither novel, nor undecided. A number of appellate cases have dealt with the issue of calculating loss in food stamp fraud cases. *See United States v. Sufi*, 456 Fed. Appx. 524, 528 (6th Cir. 2012)*; United States v. Jarjis*, 551 Fed. Appx. 261, 263 (6th Cir. 2014). A Second Circuit case approved a methodology nearly identical to the one adopted by the Court in this case. *United States v. Uddin,* 551 F.3d 176, 180 (2nd Cir. 2009).

## CONCLUSION

For the above-stated reasons, the United States respectfully submits that the defendant's motion to remain on bond pending appeal should be denied.

> Respectfully submitted,
>
> RUSSELL M. COLEMAN
> United States Attorney
>
> *s/ Amanda E. Gregory*
> Amanda E. Gregory
> Assistant United States Attorney
> 717 West Broadway
> Louisville, Kentucky 40202
> (502) 582-5016 (Tel.)
> (502) 582-5067 (Fax)

## CERTIFICATE OF SERVICE

I hereby certify that on April 12, 2019, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which generated an electronic notice to counsel of record.

> *s/ Amanda E. Gregory*
> Amanda E. Gregory
> Assistant U.S. Attorney